NORTHERN COMMERCIAL CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1914.)

No. 2294.

WHARVES (§ 3*)—LICENSE TAXES—"PUBLIC WHARF."

Where plaintiff, a transportation corporation, operated a wharf in connection with its business as common carrier, in which it carried goods for all shippers and stored the goods on its wharf in Alaska, such wharf was a public one, though it did not make a separate charge for wharfage apart from the freight charge for transporting the goods, within Code Cr. Proc. Alaska, § 460, as amended by Pol. Code Alaska, § 29, imposing a license tax on persons maintaining public docks, wharves, and warehouses in Alaska.

[Ed. Note.—For other cases, see Wharves, Dec. Dig. § 3.*

For other definitions, see Words and Phrases, First and Second Series, Public Wharf.]

In Error to and on Appeal from the District Court of the United States for the Fourth Division of the Territory of Alaska; Edward E. Cushaman and Peter D. Overfield, Judges.

Submission of controversy between the United States of America and the Northern Commercial Company. From a judgment in favor of the United States, the Commercial Company brings error and appeals. Affirmed.

See, also, 217 Fed. 33.

Under the provisions of chapter 28 of the Code of Civil Procedure of Alaska, which declares that parties to a question in controversy which might be the subject of an action in a court of record may submit the same to the determination of such court without action, by setting forth in writing the facts upon which the controversy depends, and verifying the same by the oaths of the parties, the parties to the present controversy stipulated the facts in regard to the same in substance as follows: That the defendant, the plaintiff in error herein, a corporation incorporated under the laws of the state of New Jersey, is carrying on a general merchandise and transportation business in the territory of Alaska. That section 460 of the Code of Criminal Procedure of Alaska, as amended by section 29 of the Political Code, provides that any person or persons, corporation, or company, prosecuting or attempting to prosecute any of the following lines of business within the district of Alaska, shall first apply for permission so to do from the District Court or a subdivision thereof in said district, and pay for said license for the respective lines of business and transportation as follows, to wit: Public docks, wharves, and warehouses, 10 cents per ton on freight handled or stored. That during the last three years the defendant has been carrying on a merchandise and transportation business in Alaska, and has handled a large amount of freight, for itself and its shippers, a portion of which freight has been landed at Chena for transportation from that point by rail to the town of Fairbanks. That the defendant contends that it does not maintain or conduct a public dock, wharf, or warehouse at Fairbanks, but it does maintain at Fairbanks warehouses within which it stores merchandise belonging to it, and which it transports by its steamboats from points outside of Alaska to Fairbanks, and in which at times it stores general merchandise belonging to it and its shippers. That its wharf and warehouse at Fairbanks is on the river bank, at which steamers owned by defendant land and unload the freight belonging to the defendant and its shippers, but that no wharfage charge, dockage charge, or storage charge is made for freight so handled upon said wharf. That the defendant does not accept goods on storage for hire, nor does it permit boats other than its own to land at its warehouse and docks for the purpose of unloading goods for hire. That the defendant contends that it should not be compelled to pay a license fee of 10 cents per ton on freight handled or stored by it, but that the United States contends otherwise, and consents that the controversy be submitted to the court for construction. It was further stipulated between the parties that there has been no effort on the part of defendant to avoid payment of the license aforesaid, if defendant is lawfully chargeable therewith. It was further stipulated that, in the event that the court should determine that defendant should pay the license fee, thereupon a referee might be appointed to ascertain the amount of tonnage upon which said fee should be paid, and report to the court, which report should be subject to review by the court as in other matters.

Upon the hearing the court ruled that the defendant is liable for the payment of a license fee or tax of 10 cents per ton on freight handled on its wharf at Fairbanks, consigned and belonging to persons or corporations other than the defendant herein; and the court, for the purpose of having all matters in controversy between the parties made a part of the record, with the consent of the parties, ordered that the statement of facts be supplemented by adding thereto a supplemental paragraph, to be considered as part of the original statement of facts, which paragraph is as follows:

"That since the filing of the original statement of facts in this action, and

during the years 1907, 1908, 1909, 1910, and 1911, defendant has been conducting a wharf in Fairbanks, in the same manner as set forth in the original statement of facts herein, and in connection with these years it is consented that the court, in determining this action, shall determine whether or not the said defendant is liable to pay a license tax or fee on the amount of freight handled upon its wharf at Fairbanks, belonging, consigned to, or consigned by persons or corporations other than the defendant herein, during said years, and the amount thereof; that is to say, that the court shall have jurisdiction in the present action to determine the controversy between the parties plaintiff and defendant from the year 1905 down to and including the year 1911."

Thereafter the court made an interlocutory order appointing a referee, and directed that he take testimony as to the number of tons of freight belonging or consigned to or by persons or corporations other than the defendant during the several years mentioned in the amended and agreed statement of facts. Upon the report of the referee it was adjudged that the defendant pay to the United States a license fee of 10 cents per ton upon the amount of such freight, so handled on its public wharf, amounting to the sum of $2,199.94. From that judgment the present appeal is taken.

Lloyd S. Ackerman, of San Francisco, Cal., and McGowan & Clark, of Fairbanks, Alaska, for plaintiff in error and appellant.

James J. Crossley, U. S. Atty., of Fairbanks, Alaska.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The question here presented is whether the wharf used by the plaintiff in error was a public wharf, such as to be subject to the license tax under the statute. In John J. Sesnon Co. v. United States, 182 Fed. 573, 105 C. C. A. 111, we held that the laws of Alaska imposing license taxes on different kinds of business are to be construed liberally, to carry out the purposes of their enactment. In Transportation Co. v. Parkersburg, 107 U. S. 691, 699, 2 Sup. Ct. 732, 27 L. Ed. 584, a private wharf was defined to be a wharf which the owner has constructed and reserves for his private use. The wharf maintained by the plaintiff in error does not come within this definition. It is a wharf which the plaintiff in error operates in connection with its business of a common carrier. In that business it carries the goods of all shippers. It transports upon its vessels goods for the public, and it stores such goods on its wharf, and, while it makes no separate charge for wharfage, it must be assumed that the freight money pays for all services rendered, including the use of the wharf. In John J. Sesnon Co. v. United States, we approved the following instruction which was given to the jury:

"The business of conducting a wharf is a business incident and part of the lighterage business, and you will remember that if they, as a lighterage company, received freight, without any discrimination, as to persons, or as to consignees, from all persons, all comers, all those who applied for the benefit of their lighter plant and their lighter services, why, then, it was a public wharf. If they only landed freight for their own purposes, for their own uses, why then, of course, it would be a private wharf, and would not be subject to a license."

We think it should be held that a wharf is a public wharf, within the terms of the statute, if the public are allowed to use it.

The judgment is affirmed.